UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DUANE VANSELOW,<br><br>Defendant. | ) | CASE NO. MJ23-609<br><br>DETENTION ORDER |

OFFENSE CHARGED IN INDICTMENT

Threat Against a Federal Official

Date of Detention Hearing: December 20, 2023

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure that defendant, if released on bond, would not present a danger to any other person or to the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant, age 79, is veteran who has served in the U.S. Navy. He suffers from chronic pain, neuropathy, hearing loss and other conditions, and receives treatment from the Veterans Health Administration. The sworn Complaint alleges that he has a history of overusing his prescribed medication to the point that he requests extra opioid pills each month. His treating physician, identified as "VHA Dr. Victim 1," has sought alternative treatment options, but will not prescribe additional pills excess of the original treatment plan.

2. Defendant has allegedly been upset with that doctor, and has threated more than once, in telephone calls to medical staff and in responding to the Black Diamond Police Dept., that he was coming to the VA facility the next day, with a firearm, and would murder the doctor.

3. A search of defendant's residence, pursuant to a warrant, revealed four firearms, two of which were loaded, 800 rounds of ammunition, and a notebook discussing homicide and suicide.

4. Some of the possible conditions of release, proposed by defendant's counsel, might reduce the possibility that defendant would resort to violence, if released. For example, counsel has proposed that defendant be prohibited from obtaining or possessing any firearms. But such measures might be more wishful thinking that effective preventative measures, given defendant's unequivocal and repeated statements that he intends to murder the doctor. The court must assess the likelihood that defendant would comply. The stakes are too high for the court to

rely on such conditions.

5. Defense counsel emphasizes the seriousness of defendant's medical conditions, and asserts that defendant is not receiving proper care for them at the Federal Detention Center. The court offered to forward her presentation on these issues to authorities at the FDC, to assure they are aware of their allegations. But it will be their responsibilities to assess them, and to provide proper treatment.

It is therefore ORDERED:

1, Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3, On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 20th day of December, 2023.

John L. Weinberg
United States Magistrate Judge